IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**MARIE MCKILLOP**,

                Plaintiff,

     v.

**MICHAEL ASTRUE**, Commissioner
Social Security Administration,

               Defendant.

Case No. 3:11-cv-01257-SI

**OPINION AND ORDER**

Merrill Schneider, P.O. Box 14490, Portland, Oregon, 97293. Attorney for Plaintiff.

S. Amanda Marshall, United States Attorney, and Adrian L. Brown, Assistant United States Attorney, United States Attorney's Office, District of Oregon, 1000 SW Third Avenue, Suite 600, Portland, OR 97201; Gerald J. Hill, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Attorneys for Defendant.

SIMON, District Judge.

Plaintiff Marie McKillop ("McKillop") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") finding her not disabled and denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act"). This Court has jurisdiction under 42 U.S.C. § 405(g). For the following reasons, the Commissioner's decision is affirmed.

## I.    BACKGROUND

### A.    The Plaintiff

Ms. McKillop was born in 1952. Tr. 154. (Doc. 11.) She has an eleventh-grade education. Tr. 189. She applied for benefits on February 8, 2006, alleging disability since January 19, 2006. Tr. 154, 158. Ms. McKillop claims that her disability is due to mental instability, hepatitis C, and bipolar disorder. Tr. 182. The Commissioner denied the applications initially and upon reconsideration. Tr. 92-109. An Administrative Law Judge ("ALJ") held a hearing on July 22, 2009. Tr. 37-87. On September 23, 2009, the ALJ found Ms. McKillop to be not disabled. Tr. 25-35. On August 26, 2011, the Appeals Council accepted additional evidence into the record, but declined to review the ALJ's decision. Tr. 6-9. This action made the ALJ's decision the final decision of the Commissioner, subject to review by this court. 20 C.F.R. § 410.670a.

### B.    The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act."

*Keyser v. Comm'r Soc. Sec. Admin.,* 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R.

§ 404.1520 (DIB); 20 C.F.R. § 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each

step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4). The five-step

sequential process asks the following series of questions:

1.  Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, he is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2.  Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3.  Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds beyond step three. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 416.920(e). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4.  Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5.      Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari,* 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel,* 180 F.3d 1094, 1100 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett,* 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante,* 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## C.      The ALJ's Decision

At step one of the sequential analysis, the ALJ found that Ms. McKillop has not performed substantial gainful activity since her January 19, 2006, alleged onset date. Tr. 27. At step two, the ALJ found Ms. McKillop's hepatitis C, mild degenerative disc disease at L5-S1, osteoarthritis, hypertension, depression, post-traumatic stress disorder, and history of alcohol and narcotic abuse to be "severe." *Id.* At step three, the ALJ found that these impairments did not meet or equal a listed disorder. Tr. 28-29. The ALJ then found that Ms. McKillop retained the RFC to perform work light work with the following additional limitations:

PAGE 4, OPINION AND ORDER

> [T]he claimant has the residual functional capacity to perform light
> work . . . and except with only occasional stooping, crouching,
> crawling, kneeling, climbing of ramps or stairs, or balancing. She
> should avoid all hazards including balancing hazards such as
> unprotected heights, commercial driving, or moving machinery;
> and is restricted from climbing ladders, ropes, or scaffolds. The
> claimant is limited to the performance of tasks that take no more
> than three months to learn, consistent with semi-skilled (SVP 3)
> work activity, as classified by the Dictionary of Occupational
> Titles.

Tr. 30. At step four, the ALJ found that this RFC allowed performance of Ms. McKillop's past

relevant work as an in-home care provider and cook/waitress. Tr. 34. The ALJ therefore found

Ms. McKillop not disabled. Tr. 35.

## II.    STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper

legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see*

*also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means

"more than a mere scintilla, but less than a preponderance." *Bray v. Comm'r Soc. Sec. Admin.,*

554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir.

1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." *Id.*

Where the evidence is susceptible to more than one rational interpretation, the

Commissioner's conclusion must be upheld. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir.

1982). Variable interpretations of the evidence are insignificant if the Commissioner's

interpretation is a rational reading of the record, and this Court may not substitute its judgment

for that of the Commissioner. *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir. 2005). "However, a

reviewing court must consider the entire record as a whole and may not affirm simply by

isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir.

2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). The reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Orn,* 495 F.3d at 630; *see also Bray,* 554 F.3d at 1226-26 (citing *SEC v. Chenery Corp.,* 332 U.S. 194, 196 (1947)).

### III.    DISCUSSION

Ms. McKillop  asserts that the ALJ erroneously: (1)  assessed her credibility; (2) evaluated the lay witness testimony; and (3) rejected the opinion of a state agency examining physician.  Consequently, Ms. McKillop contends that she is disabled under the Commissioner's regulations.

### A.    Ms. McKillop's Testimony

### 1.    Credibility Standards

The Ninth Circuit has developed a two-step process for evaluating the credibility of a claimant's own testimony about the severity and limiting effect of the claimant's symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, the ALJ "must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). When doing so, the claimant "need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

Second, "if the claimant meets the first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (quoting

*Smolen*, 80 F.3d at 1281). It is "not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Those reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (*citing Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (*en banc*)).

The ALJ may consider objective medical evidence and the claimant's treatment history, as well as the claimant's daily activities, work record, and observations of physicians and third parties with personal knowledge of the claimant's functional limitations. *Smolen*, 80 F.3d at 1284. The Commissioner recommends assessing the claimant's daily activities; the location, duration, frequency, and intensity of the individual's pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; and any measures other than treatment the individual uses or has used to relieve pain or other symptoms. *See* SSR 96-7p, *available at* 1996 WL 374186.

Further, the Ninth Circuit has said that an ALJ also "may consider . . . ordinary techniques of credibility evaluation, such as the reputation for lying, prior inconsistent statements concerning the symptoms, . . . other testimony by the claimant that appears less than candid [and] unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." *Smolen*, 80 F.3d at 1284. The ALJ may not, however, make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins*, 466 F.3d at 883.

2.    **Analysis**

The ALJ discussed Ms. McKillop's testimony in some detail as part of the ALJ's determination of Ms. McKillop's RFC. Tr. 30-34. The ALJ noted Ms. McKillop's daily activities, her past work activity, and her failure to follow recommended treatment; the ALJ also noted a report that Ms. McKillop's depression was "relatively low," and the ALJ considered various physician opinions. *Id.* The ALJ specifically discussed Ms. McKillop's activities of caring for herself and her pets, cooking, performing household chores and yardwork, shopping for groceries, and maintaining personal finances. Tr. 30. In light of these considerations, the ALJ's stated sufficient reasons for discrediting Ms. McKillop's testimony concerning her limitations. *Smolen*, 80 F.3d at 1284.

The ALJ's credibility analysis also noted Ms. McKillop's treatment history as reflected in the medical record, including unremarkable examinations and "significant gaps in the treatment records." Tr. 32. The ALJ may consider a claimant's medical treatment history in this manner, *Smolen*, 80 F.3d at 1284, and these are also proper reasons for rejecting a claimant's testimony when made in conjunction with other findings. *Robbins*, 466 F.3d 883.

Ms. McKillop, however, argues that the ALJ's adverse credibility findings are based on an "incomplete or inaccurate" reading of the record. Pl.'s Opening Br. 7. She contends that the ALJ erroneously found her testimony regarding her daily activities to be internally inconsistent. *Id.* The ALJ noted that Ms. McKillop said that she could not stand for longer than one hour, but also testified that she stands for an entire four or five-hour shift at her coffee shop job. Tr. 31. The ALJ also noted Ms. McKillop's inconsistent testimony regarding her sobriety, and the ALJ found Ms. McKillop's testimony that she attended weekly church meetings to be contradicted by

her report to a medical provider that she did not belong to a church. *Id.* The record confirms that Ms. McKillop made these statements.

The ALJ may consider a claimant's internally inconsistent statements and behavior in making a finding that the claimant is not credible. *Smolen*, 80 F.3d at 1284. A plain reading of Ms. McKillop's testimony shows the inconsistencies described by the ALJ. The reviewing court must defer to an ALJ's reasonable interpretation of a claimant's statements and activities, even if there may be an alternative explanation that is more favorable to the claimant. *Rollins v. Massinari*, 261 F.3d 853, 857 (9th Cir. 2001). Here, the ALJ's findings regarding Ms. McKillop's time spent standing and her reports of sobriety and church attendance are all based on the record. Ms. McKillop therefore fails to establish that the ALJ erroneously found contradictions in her testimony.

Ms. McKillop also argues that the ALJ's rejection of her testimony regarding her alleged standing limitations is inconsistent with the Commissioner's administrative ruling addressing a claimant's RFC assessment, and therefore erroneous. Pl.'s Opening Br. 8 (citing SSR 96-8p, available at 1996 WL at 374184). This argument is confused, at best. The ALJ did not reach any conclusion that Ms. McKillop's testimony that she could stand for five and one-half hours required a finding that she could stand for eight hours under SSR 96-8p, as Ms. McKillop implies. Instead, the ALJ properly found Ms. McKillop's statements regarding her limitations to be internally inconsistent in the context of his credibility analysis, as discussed above. Ms. McKillop's citation to the Commissioner's administrative ruling is not persuasive, and this argument is rejected.

For all of these reasons, Ms. McKillop fails to demonstrate that the ALJ erroneously rejected her symptom testimony. The ALJ's credibility findings are affirmed.

PAGE 9, OPINION AND ORDER

**B.    Lay Testimony**

**1.    Lay Testimony Standards**

The ALJ has a duty to consider lay witness testimony. 20 C.F.R. §§ 404.1513(d); 416.913(d); *Molina v. Astrue*, 674 F.3d 1104,1115 (9th Cir. 2012) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996); *Dodrill*, 12 F.3d at 919). The ALJ also must provide germane reasons for rejecting lay testimony. *Molina*, 674 F.3d at 1114 (citing *Dodrill*, 12 F.3d at 919). The ALJ, however, is not required to address each witness "on an individualized witness-by-witness basis" and may reject lay testimony predicated upon reports of a claimant properly found not credible. *Molina*, 674 F.3d at 1114 (citing *Valentine v. Astrue*, 574 F.3d 685, 694 (9th Cir. 2009)).

**2.    Analysis**

Ms. McKillop argues that the ALJ failed properly to reject testimony submitted by her workplace supervisor, Phillip Cornutt. Pl.'s Opening Br. 9. Mr. Cornutt submitted a letter to the record stating that he employs Ms. McKillop at his coffee shop. Tr. 240. He stated that Ms. McKillop can perform tasks such as grinding coffee, steaming milk, and cleaning the premises, but is "not able to deal with the stress of working the cash register or dealing with customers. She is easily confused and cannot deal with mistakes." *Id.* The ALJ discussed Mr. Cornutt's testimony and concluded that it was "not entitled to weight, as it is from a lay source and is not based on acceptable medical evidence – it may be based simply upon the claimant's subjective statements." Tr. 31.

The ALJ's statement is not based upon the correct legal standard. Lay witnesses are competent to testify to their observations of a claimant's condition. *Dodrill*, 12 F.3d at 919. "Where lay witness testimony does not describe any limitations not already described by the

claimant, and the ALJ's well-supported reasons for rejecting the claimant's testimony apply equally well to the lay witness testimony," the reviewing court may deem the ALJ's error regarding the lay testimony to be harmless. *Molina*, 674 F.3d at 1117 (citing *Valentine*, 574 F.3d at 694). Here, Ms. McKillop described similar difficulties in performing cashier duties at the coffee shop (Tr. 70), and the ALJ properly rejected Ms. McKillop's testimony regarding her limitations. Ms. McKillop therefore fails to establish reversible error in the ALJ's discussion of these same limitations described in Mr. Cornutt's testimony.

**C.    Reviewing Physician Opinion**

An ALJ also must give clear and convincing reasons to reject the uncontradicted opinion of a treating or examining physician and specific and legitimate reasons to reject the contradicted opinion of such physicians. *Lester v. Chater*, 81 F.3d 821, 830-31. These requirements do not apply to the ALJ's review of a reviewing physician's opinion. Reviewing physician opinions are given the appropriate weight described in the Commissioner's regulations, with attention paid to the manner in which the opinion is supported, its consistency, specialization of the physician, and other factors such as familiarity with the Commissioner's regulations. 20 C.F.R. §§ 404.1527(b)(3-6); 416.927(b)(3-6).

Ms. McKillop asserts that the ALJ erroneously ignored the opinion of reviewing psychologist Peter LeBray, Ph.D., that Ms. McKillop was limited to "short, simple '1-2 step' instructions." Pl.'s Opening Br. 10. Dr. LeBray reviewed Ms. McKillop's case record on May 15, 2007, and endorsed various limitations pertaining to mental functioning in the workplace. Tr. 357-69. At the conclusion of this assessment, Dr. LeBray wrote that Ms. McKillop "would work best in a job atmosphere that would only require [her] to have to understand and carry out short and simple instructions (1-2 step) and not have to maintain

extended periods of concentration . . . ." Tr. 359. The ALJ discussed Dr. LeBray's opinion and noted Dr. LeBray's statement that Ms. McKillop could "perform work that involved short and simple instructions . . . ." Tr. 34.

Ms. McKillop argues that because the ALJ did not explicitly cite Dr. LeBray's comment regarding "one-to-two step instructions," the ALJ's assessment of Ms. McKillop's RFC is erroneous as a matter of law. Ms. McKillop relies upon an earlier decision from this district that instructs that an ALJ's questions to the vocational expert at step five in the sequential proceedings must comport with the job descriptions contained in the DICTIONARY OF OCCUPATIONAL TITLES ("DOT"). Pl.'s Opening Br. 10 (citing *Whitlock v. Astrue*, No. 10-cv-357-AC (D. Or. August 23, 2011) (available at 2011 WL 3793347 at *4-5).

Ms. McKillop's argument is mistaken.  The ALJ in the case now before the Court did not elicit or reply upon testimony from the vocational expert on the matter because the ALJ did not reach step five of the sequential proceedings. Distinctions addressing DOT job descriptions therefore do not establish error regarding the ALJ's assessment of Dr. LeBray's opinion.

This Court finds that the ALJ's review of Dr. LeBray's opinion is based upon substantial evidence. Specifically, Dr. LeBray did not elaborate on his reasons for suggesting that Ms. McKillop would perform "best" doing one-to-two step work. The ALJ need not accept physician opinions that are "brief, conclusory, or inadequately supported by clinical findings." *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). Further, as the Commissioner urges, Dr. LeBray's comment regarding how Ms. McKillop would "best" perform is only a recommendation and does not establish that Ms. McKillop is restricted to such work under the Commissioner's regulations. For all of these reasons, Ms. McKillop fails to establish error in the ALJ's assessment of Dr. LeBray's opinion.

## IV.    CONCLUSION

Ms. McKillop fails to show that the ALJ erroneously evaluated her testimony, the

testimony of lay witness Phillip Cornutt, or the opinion of reviewing physician Dr. LeBray.  The

ALJ's decision is based upon the record and the correct legal standards.  It is therefore

AFFIRMED.

**IT IS SO ORDERED**.

DATED this 4th day of January, 2013.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge